IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAULMARK SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-14-0568 |
| | § | |
| SOLID GROUP TRUCKING, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER OF REMAND**

Pending before the Court in the above referenced cause, removed from the County Court at Law Number Two of Harris County, Texas on federal question jurisdiction and alleging breach of a Transportation Contract Agreement ("the Agreement") pursuant to which Defendant Solid Group Trucking, Inc. ("SGT") was to "indemnify and save harmless [Haulmark Services, Inc.] from any and all claims of any nature arising out of [SGT's] operations and activities," is Plaintiff Haulmark Services, Inc.'s ("Haulmark's") motion to remand based on lack of subject matter jurisdiction and for fees and costs under 28 U.S.C. § 1447(c) (instrument #7). SGT asserts that it removed this action under the preemptive effect of the Carmack Amendment, 49 U.S.C. § 1406, *et seq.*

**Applicable Law**

*Standard of Review of a Motion to Remand*

The right to remove depends upon the plaintiffs' pleading at

-1-

the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

Under 28 U.S.C. § 1441(a)[1] any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

A district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint" and "generally there is no

---

[1] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*

federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Guttierrez*, 543 F.3d at 251-52. "A federal question exists 'only [in those cases in which a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris, LLP*, 538 F.3d 335, 337-38 (5th Cir. 2008), *citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)(construing § 1331), and *Christianson v. Cold Indus. Operating Corp.*, 486 U.S. 800, 809 (1988)(construing § 1338(a)).[2] "[T]he fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction. *Bernhard v. Whitney Nat'l Bank*, 253 F.3d 546, 550-51 (5th Cir. 2008).

"'A corollary to the well-pleaded complaint doctrine is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily in character." *Guttierrez*, 543 F.3d at 252, *quoting Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000). "The artful pleading doctrine is an independent corollary to the well-pleaded complaint rule: '[u]nder this principle even though the plaintiff has artfully avoided any suggestion of a federal issue, removal is not

---

[2] For more detailed discussion of federal question jurisdiction, *see Singh*, 538 F.3d at 337-40.

defeated by the plaintiff's pleading skills in hiding [a] federal question.'" *Roland Green*, 675 F.3d 503, 520 (5th Cir. 2012), *quoting Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). The artful pleading doctrine applies where a state law claim is completely preempted. *Id.* Complete preemption creates federal removal jurisdiction, while ordinary preemption, which is a federal defense and may arise by express statutory provision or by a direct conflict between the operation of federal and state law, but does not appear on the face of the complaint, does not create removal jurisdiction. *Guttierrez*, 543 F.3d at 252.

Statutory procedures for removal are strictly construed. *Energy Management Services, LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014), *citing Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002), and *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918). *See also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"), *citing In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). "'It is to be presumed that a cause of action lies outside this limited [federal] jurisdiction and the burden of establishing the contrary rests upon th party asserting jurisdiction.'" *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013), *quoting Kokkonen v. Guardian Life*

*Ins. Co. of America*, 511 U.S. 375, 377 (1994).

***Carmack Amendment***

In *Adams Express Company v. Croninger*, 226 U.S. 491, 505 (1913), and *Missouri, Kansas, & Ry. Co. of Texas v. Harris*, 234 U.S. 412 (1914), the Supreme Court held that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a), was intended by Congress to provide a uniform, national remedy and to completely preempt all state laws for a shipper's claims against a carrier for loss or damage to goods during interstate transportation because carriers "were being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper in a business that extended beyond the confines of his own State, or for a carrier whose lines were extensive, to know, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carriers's actual responsibility as to goods delivered to it for transportation from one State to another." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 776-77 (5th Cir. 2003), *quoting Adams Express*, 226 U.S. at 303. Because "the Carmack Amendment provides the exclusive cause of action for such claims, these claims are 'removable,' and can be removed if they meet the matter in controversy [over $10,000] requirement." *Hoskins*, 343 F.3d at 778 n.7.

The Carmack Amendment "allows a shipper to recover damages from a carrier for 'actual loss or injury to the property' resulting from the transportation of cargo in interstate commerce. A carrier's liability under the Carmack Amendment includes all reasonably foreseeable damages resulting from the breach of its contract of carriage, 'including those resulting from nondelivery of shipped goods as provided by the bill of lading." *National Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 549 (5th Cir. 2005).

Under 49 U.S.C. § 14760(a)(1), "A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part." Suits under the Carmack Amendment may be brought by "the person entitled to recover under the receipt or bill of lading." *Id.* A bill of lading is a contract between the carrier and the shipper. *OneBeacon Ins. Co. v. Haas Industries, Inc.*, 634 F.3d 1092, 1098 (9th Cir. 1092). It is a document signed by a carrier or his agent evidencing receipt of goods, describing them and the terms of the contract for carriage, identifying the consignor and evidencing title to the goods. *Black's Law Dictionary*, p. 168 (6th ed. West 1990). "[C]onsignors, holders of the bills of lading issued by the carrier, and persons beneficially interested in the shipment though not in possession of the actual bill of lading, in addition to shippers, have standing to sue under the Carmack

Amendment." *Banos v. Eckerd Corp.*, 997 F. Supp. 756, 762 (E.D. La. 1998). *See also Harrah v. Minnesota Mining & Mfg. Co.*, 809 F. Supp. 313, 318 (D.N.J. 1992)("Cases interpreting the Act have confined the right to sue to shippers or consignors, holders of the bill of lading issued by the carrier or persons beneficially interested in the shipment although not in possession of the actual bill of lading, buyers or consignees, or assignees thereof."). Under the Carmack Amendment, a non-shipper broker[3] may not sue on its own behalf or on behalf of the shipper for damage to cargo during transport when it does not have a claim under the bill of lading or an assignment from the shipper or a basis for subrogation to the shipper's rights. *Pyramid Transportation, Inc. v. Greatwide Dallas Mavis, LLC*, Civ. A. No. 3:12-CV-0149-D, 2013 WL 840664, at *4 (N.D. Tex. Mar. 7, 2013)("Only those 'entitled to recover under the receipt or bill of lading' can sue under the Carmack Amendment" and the court could *sua sponte* raise the issue of whether transportation broker Pyramid can recover because "the limits of prudential standing 'require[] that a plaintiff must assert its own legal rights and interests, and [not] rest its claim to relief on the legal rights or interests of third parties.'")

---

[3] The Interstate Transportation Act, 49 U.S.C. § 13102(2), defines "broker" as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling providing, or arranging for, transportation by a motor carrier for compensation."

Federal and state courts have concurrent jurisdiction over Carmack Amendment claims. *Mayflower Transit, LLC v. Troutt*, 332 F. Supp. 2d 971, 976 (W.D. Tex. 2004), citing 49 U.S.C. § 14706(d), and *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 n.7 (5th Cir. 2003). For a federal district court to have original jurisdiction over such a claim, the matter in controversy for each receipt or bill of lading must exceed $10,000, exclusive of interests and costs." *Id., quoting* 28 U.S.C. § 1337(a). Because the Carmack Amendment "provides the exclusive cause of action for such claims, these claims are 'removable,' and can be removed if they meet the matter in controversy requirement." *Hoskins*, 343 F.3d at 778 n.7.

If it remands a case, the district court has the discretion to award the "payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). That discretion has limits: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Marin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In deciding whether to grant such an award, the court "'do[es] not consider the motive of the removing defendant,'" but "considers the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Diaz v. Cameron County, Texas*, 300 Fed. App'x 280, 281 (5th Cir. Nov, 19, 2008), *quoting Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-

93 (5th Cir. 2000). If an objectively reasonable basis for removal exists, an award of attorney's fees should be denied. *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010), *citing Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004).

In *American Airlines, Inc. v. Sabre, Inc.*, ___ F.3d ___, No. 11-10759, 2012 WL 3827276, (5th Cir. Sept. 5, 2012)(holding that the district court did not abuse its discretion in awarding attorney's fees because the operator did not have objectively reasonable grounds to believe removal of case was legally proper), the Fifth Circuit opined that a defendant's subjective good faith belief that removal was proper is insufficient to defeat an award of attorney's fees under § 1447(c) where defendants did not have objectively reasonable grounds to believe the removal was legally proper.

***Section 623.0155 of the Texas Transportation Code***

Section 623.0155, entitled "Indemnification from Motor Carrier Prohibited," provides

>  (a) A person may not require indemnification from a motor carrier as a condition to:
>
>    (1) the transportation of property for compensation or hire by the carrier;
>
>    (2) entrance on property by the carrier for the purpose of loading, unloading, or transporting property for compensation or hire; or
>
>    (3) a service incidental to an activity described by Subsection (1) or (2), including storage of property.
>
>  (b) Subsection (a) does not apply to:

> (1) a claim arising from damage or loss from a wrongful or negligent act or omission of the carrier; or
>
> (2) services or goods other than those described by Subsection (a).
>
> (c) In this section, "motor carrier" means a common carrier, specialized carrier, or contract carrier that transports property for hire. The term does not include a person who transports property as an incidental activity of a nontransportation business activity regardless of whether the person imposes a separate charge for the transportation.
>
> (d) A provision that is contrary to Subsection (a) is not enforceable.

The prohibition does not apply to indemnity for claims based on the wrongful or negligent conduct of the motor carrier itself. *CMA-CGM (America) Inc. v. Empire Truck Lines, Inc.*, 2011 WL 1631961, at *3 (Tex. App.-Houston [1st Dist.] Apr. 28, 2011), *aff'd on subsequent appeal*, 416 S.W. 3d 495 (Tex. App.--Houston [1st Dist.] 2013, pet. for review filed Mar. 5, 2014).

**Factual Allegations of Haulmark's Original Petition (#1-2)**

Haulmark, a transportation broker in Harris County, Texas entered into the Agreement (Exs. A and B to the Petition) to transport a series of shipments for Haulmark with carrier SGT. The Agreement stated, "Broker shall tender to carrier and carrier shall transport a series of shipments between points designated by broker." Ex. A.1(¶ 1). It further provided that SGT "shall be liable for full actual loss resulting from loss, damage, injury of delay." Ex. A.1(¶6). Moreover Ex. A.1(¶7) stated, "Carrier agrees

to indemnify and save harmless Haulmark Services, Inc. from any and all claims of any nature whatsoever arising out of Carriers [*sic*] operations and activities hereunder . . . ."

Pursuant to the Agreement, on August 22, 2013 Haulmark assigned to SGT a full truckload service from Del Monte in Galveston, Texas for delivery on August 24, 2013 to Wal-Mart in North Platte, Nebraska load #50634 (the "Load"), as indicated by the Rate Confirmation sheet signed by SGT, copy attached to the Agreement. SGT's driver picked up the Load on August 22, 2013, and SGT took possession of it under a Bill of Lading, which required that the Load be maintained at a temperature of 46 degrees Fahrenheit. When the driver arrived at the Wal-Mart in Nebraska on September 24, 2013, Wal-Mart rejected the Load because it had not been maintained at the designated temperature. On September 24, 2013 Del Monte made a claim for $17,388.00 against Haulmark for the loss of the Load. Haulmark in turn presented the claim for payment to SGT and its insurer, Great West Casualty Company ("Great West"). Although Great West agreed that the load had been rejected by Wal-Mart because of improper temperature and that SGT had sold the Load for salvage and sent Del Monte a check for $3,010 from that salvage recovery, SGT and Great West have refused to pay the remaining amount of the claimed loss. Haulmark sent in invoice (copy as Ex. A.4) on November 8, 2013 for the remaining amount of $14,378.00. On December 4, 2012 it again corresponded with SGT, reminding it of

-11-

its indemnification obligation under the Agreement. Ex. A.5. SGT refused to indemnify Haulmark. Haulmark then filed this action seeking damages for the loss, plus interest, attorneys' fees, and costs.

**Haulmark's Motion to Remand and for Fees and Costs (#7)**

Haulmark contends that this suit, which asserts a simple breach of a contract claim, does not arise under the Constitution or any federal law and thus the removal was improper. Observing that its Original Petition does not reference a federal law, Haulmark furthermore maintains that its claim does not fall under, nor is it preempted by, the Carmack Amendment, 49 U.S.C. § 14706. Haulmark cites a number of cases that it contends hold that the Carmack Amendment does not apply where a broker (as opposed to a shipper) sues under a contract between the broker and a carrier. *Lexington Ins. Co. v. Daybreak Express, Inc.*, 391 F. Supp. 2d 538 (S.D. Tex. 2005)[4]; *InTransit, Inc. v. Excel N. Am. Rd. Transp., Inc.*, 426 F. Supp. 2d 1136, 1141 (D. Ore. 2006)(Carmack Amendment did not preempt broker's claim against carrier because it was for "direct contractual indemnity and not from assignment of rights by the shipper"; also claim was "sufficiently removed from a shipper

---

[4] The Court finds that *Lexington Insurance* is distinguishable from the instant case because it dealt with an insurer as subrogee for a shipper's claim against a carrier to enforce a settlement agreement between the two, not an agreement between a broker and a carrier to transport goods in interstate commerce.

or some other party who has rights under the bill of lading to sue a carrier for damage to the goods shipped"); *TransCorr Nat. Logistics, LLC v. Chaler Corp.*, 1:08-CV-375-TAB-SEB, 2008 WL 5272895 (S.D. Ind. Dec. 19, 2008)(broker's claim not preempted because it was based on contract for indemnity and not on assignment of rights by shipper, so the broker has no claims under the Carmack Amendment); *Exel, Inc. v. Southern Refrigerated Transp., Inc.*, No. 2:10-CV-994, 2012 WL 3064106, at *5 (S.D. Ohio July 27, 2012)(master contract between broker and carrier established a business relationship between sophisticated parties and does not focus on the bill of lading; that relations falls outside the shipper-carrier relationship and outside the preemptive field of the Carmack Amendment); *Edwards Bros. Inc. v. Overdrive Logistics, Inc.*, 260 Ga. App. 222, 581 S.E. 2d 570, 571 (Ga. App. 2003)("Because the Carmack Amendment was enacted to protect the rights of shippers suing under a receipt or bill of lading, not brokers, it does not preempt the [broker's] breach of contract claim in this case. Accordingly, the dispute between [the broker] and [the carrier] is governed by their brokerage contract.").[5]

---

[5] *But see, e.g., Dominion Resource Services, Inc. v. 5k Logistics, Inc.*, No. 3:09-cv-315, 2010 WL 679845, at *1 (E.D. Va. Feb. 24, 2010)(broker's claim can only survive preemption if the carrier has committed wrongdoing "independent of its obligation as a carrier"; sole remedy for a breach of contract between it and carrier arises under the Carmack Amendment); *Propak Logistics, Inc. v. Landstar Ranger, Inc.*, No. 2:11-CV-02202, 2012 WL 1068118, at *2-3 (W.D. Ark. Mar. 29, 2012)(holding that the Carmack Amendment preempted contract claim against carrier by the

**SGT's Response (#8)**

In addition to arguing that Haulmark's claim for breach of contract was clearly completely preempted, SGT argues that Section 623.0155 of the Texas Transportation Code prohibits indemnification from motor carriers. SGT theorizes that to keep this case in state court and not removable, Haulmark alleged a nonnegligence breach of contract claim, with the result that its Agreement is not enforceable under the statute. To avoid the anti-indemnification provision, SGT needs to sue for negligence. "[T]o recover damages for negligence, however, a plaintiff must either show a personal injury or property damage and not merely economic harm. *Gen. Electric Co. v. M&M X-Press Service Ltd.*, No. Civ. A. H-07-02175, 2008 WL 4747211, at *3 (S.D. Tex. Oct. 27, 2008), *citing Express One Intern., Inc. v. Steinbeck*, 53 S.W. 3d 895, 898-99 (Tex. App.--Dallas 2001). Economic losses may be pursued only via contractual remedies 'even when the breach might reasonably be viewed as a consequence of a contracting party's negligence.'" *General Elec.*, 2008 WL 4747211, at *3, *quoting Sw. Bell Tel. Co. v. DeLanney*, 809 S.W. 2d 493, 494-95 (Tex. 1991). Therefore because its complaint is for economic loss, Haulmark can only assert a contract claim and not a negligence cause of action, based on the

---

broker, which had stepped into the shoes and become the subrogee of the shipper according to the plain language of the complaint).

-14-

anti-indemnity provision, but any contract claim is unenforceable under the anti-indemnity statute. Morever, because the breach of contract claim is unenforceable, and because the claim for attorney's fees is dependent on the breach of contract claim, the attorney's fee claim fails, too. SGT urges the Court to *sua sponte* dismiss the case for lack of prudential standing or deny the motion to remand. *Pyramid Transportation*, 2013 WL 840664, at *4; *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)(district court can dismiss an action *sua sponte* as long as the procedure employed is fair, i.e., the parties are given prior notice and an opportunity to respond).

**Haulmark's Response (#9)**

Pointing out that SGT fails to address the cases Haulmark has cited holding that the Carmack Amendment does not preempt a broker's contract claim for indemnity, Haulmark also disagrees with SGT's argument under Texas Transportation Code Section 623.0155. Because it limits the situations where a carrier can contract to indemnify a broker to one arising from damage or loss from a wrongful or negligent omission of the carrier, it recognizes a contractual right for indemnity. Paragraph 7 of the Agreement specifically states that SGT agrees to indemnify Haulmark for claims arising out of SGT's operations, "including without limitation, claims, losses, or liability for personal injury, property damages, or any combination thereof, resulting from the

negligence or legal liability of [SGT]." By signing the Agreement, SGT has taken itself out of the Carmack Amendment and authorized a contract for indemnification, even if limited by the Texas statute to claims involving negligence.

**Court's Decision**

With regard to SGT's request for a *sua sponte* dismissal, this Court cannot issue a ruling unless it has federal question jurisdiction. It concludes that it lacks both federal question jurisdiction and diversity jurisdiction here.

After careful review of the pleadings and the applicable law, the Court agrees with Haulmark that SGT, which bears the burden of proof of federal question jurisdiction, fails to show in what capacity as a broker Haulmark would be entitled to seek to recover from the carrier for damages to the goods under the Carmack Amendment. In Haulmark's Original Petition, which that pleads its claim for indemnification based solely on the Agreement, there is no allegation, no less supporting facts showing, that Haulmark is a subrogee for the shipper/owner of the goods, Del Monte. *Exel*, 2012 WL 3064106, at *6 (The contract between the broker and the carrier did "not focus on shipping under the bill of lading, but instead establishe[d] the basics of a brokerage relationship . . . . [T]his relationship falls outside of the shipper-carrier relationship and outside of the preemptive field of the Carmack Amendment.") Nor is there a showing that Haulmark would entitled

to sue under the bill of lading to provide standing under the Carmack Amendment. *See InTransit*, 426 F. Supp. 2d at 1141, *quoting Edwards Bros.*, 581 S.E. 2d at 572 ("Because the Carmack Amendment was enacted to protect the rights of shippers suing under a receipt or bill of lading, not brokers, it does not preempt [the broker's] breach of contract claim in this case," but instead "the dispute . . . is governed by their brokerage contracts." Thus Haulmark's contract claim is outside the scope of the Carmack Amendment.

Nevertheless, because there is little case law regarding the specific issue in dispute here, because no appellate courts have addressed it, and because there is some authority supporting SGT's removal and preemption argument, the Court finds there was an objectively reasonable basis for removal and denies Haulmark's motion for fees and costs.

Accordingly, the Court

ORDERS that Haulmark's motion to remand this case to the County Court at Law Number Two of Harris County, Texas is GRANTED.

**SIGNED** at Houston, Texas, this  5th  day of  November , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE